CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
July 27, 2026
LAURA A. AUSTIN, CLERK
BY:  s/ D. AUDIA
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| Robert Morgan Cole | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Staci Lynn Melissa Guillemin, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 3:24-cv-00019 |
| | ) | |
| v. | ) | |
| | ) | |
| Lucid USA, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This matter is before the court on Defendant Lucid USA, Inc.'s ("Lucid") Motion to

Dismiss or Alternative Motion to Strike Plaintiffs' amended complaint.  (Dkt. 43.)  Lucid asks

the court to dismiss the case with prejudice for Plaintiffs' failure to obey court orders, and, in

the alternative, to strike Plaintiffs' amended complaint, (Dkt. 42).  For the following reasons,

the court will deny the motion to dismiss and grant in part the motion to strike.

Defendant primarily complains of (1) Plaintiffs' attempts to amend its pleadings after

court-imposed deadlines to move for such;[1] (2) Plaintiffs' failure to meet two separate

deadlines to file its amended complaint;[2] and (3) Plaintiffs' decision, once it finally filed its

---

[1] Defendant notes that Plaintiffs filed a motion for leave to file an amended complaint after the 45-day amendment
deadline imposed by the court's scheduling order.  (*See* Dkt. 44 at 2.)  The court's scheduling order provides that
"[e]xcept for good cause shown, any motion to amend the pleadings must be filed no later than 45 days from the
date of this order."  (Dkt. 23 ¶ 22.)  Judge Hoppe found that Plaintiffs' motion was properly considered as a motion
to supplement the pleadings, for which there is no deadline in the court's scheduling order.  (*See* Dkt. 37 at 6.)
[2] Defendant complains that Plaintiffs failed to file their amended complaint after being ordered to by the court in
August 2025 and February 2026.  (*See* Dkt. 44 at 2–4.)

amended complaint, to include one sentence that was not previously approved by the court. (*See* Dkt. 44 at 2–4.) Plaintiffs argue that the delays in this case were caused in large part by "confusion in Plaintiffs' counsel's office due to the turnover in staff, the assignment of the file to new inexperienced assistants, [Plaintiffs' counsel's] loss of his Father with a corresponding period of grief, and the necessary attention to many other cases after a prolonged period of absence in the office." (Dkt. 47 at 6–7.) Defendant asks the court, should it decline to dismiss the case, to strike the operative amended complaint and order Plaintiffs to refile a clean copy of the amended complaint that was approved by the court. (Dkt. 44 at 10–12.)

## I.        Motion to Dismiss for Failure to Obey Court Orders

Under Federal Rule of Civil Procedure 41(b), a court may dismiss a case if the plaintiff fails to prosecute the case or fails to comply with a court order. Fed. R. Civ. P. 41(b); *Link v. Wabash Ry. Co.*, 370 U.S. 626, 630–32 (1962). The Fourth Circuit has outlined four factors for courts to consider when deciding whether dismissal under Rule 41(b) is appropriate:

> (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (cleaned up).

The first factor weighs against dismissal. While Defendant argues that Plaintiffs "have had full knowledge of the status of their vehicle and Lucid's 2025 inspection results during this entire matter," (Dkt. 44 at 9), Plaintiffs' counsel freely admits that the firm is entirely responsible for the delays and submits that "it is undersigned counsel who should pay the price, and not his clients," (Dkt. 47 at 7). After reviewing the record, the court is not convinced that Plaintiffs themselves are to blame for the delays. The court finds that dismissal with

- 2 -

prejudice is not an appropriate sanction for such delays. *See, e.g.*, *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (4th Cir. 1988) ("[J]ustice . . . demands that a blameless party not be disadvantaged by the errors or neglect of his attorney." (quoting *United States v. Moradi*, 673 F.2d 725, 728 (4th Cir. 1982))).

The second factor also weighs against dismissal. Defendant complains that Plaintiffs' delays have left it "trapped in litigation purgatory," (Dkt. 44 at 9). But "[i]t is difficult to sustain a claim of prejudice when trial is not imminent and discovery has not ended." *United States v. Taylor*, 909 F. Supp. 355, 359 (M.D.N.C. 1995); *see also Colleton Prep. Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 418 (4th Cir. 2010) ("[D]elay in and of itself does not constitute prejudice to the opposing party."). Here, this case is not yet set for trial, and no deadline is in place for the close of discovery. Thus, the delays have not prejudiced Defendant to an extent that warrants dismissal.

The third factor favors dismissal. Plaintiffs have missed two deadlines in this case to file amended complaints. (*See* Dkts. 37, 41.) The court warns Plaintiffs that any future failure to comply with the court's orders and deadlines may result in dismissal with prejudice.

The fourth factor weighs against dismissal. As explained below, the court will strike the unapproved language from Plaintiffs' amended complaint and may dismiss the case with prejudice if Plaintiffs fail to comply with any future court orders. The court believes that these lesser sanctions will be effective. Accordingly, Defendant's motion to dismiss will be denied.

## II.    Motion to Strike the Amended Complaint

Leave to amend under Federal Rule of Civil Procedure 15(a) should be "freely granted[] and should be denied only where good reason exists." *Franks v. Ross*, 313 F.3d 184, 198 n.15

(4th Cir. 2002) (cleaned up).  Leave to amend may be denied when "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (citation omitted).  Amendment of pleadings "should not be allowed if it would be an empty or useless gesture." *Perkins v. United States*, 848 F. Supp. 1236, 1241 (S.D. W. Va. 1994).

Plaintiffs included the following sentence in its amended complaint, (Dkt. 42), despite its absence in the proposed amended complaint approved by Judge Hoppe, (Dkt. 28-1):

> 17. The Plaintiff has experienced ongoing warranty defects and repair attempts in addition to what is alleged here.

(Dkt. 42 ¶ 17.)  Plaintiffs offer no good cause for this amendment; in fact, they admit that they "assert no new defects" other than those asserted elsewhere in the amended complaint and that this sentence "adds nothing but to highlight the fact that in every Lemon Law and Magnuson Moss case the Plaintiffs have ongoing warranty defects that have not been repaired."  (Dkt. 47 ¶ 12.)  If true, then Paragraph 17 is superfluous, and amendment would be "an empty or useless gesture." *Perkins*, 848 F. Supp. at 1241; *see also Symbology Innovations, LLC v. Lego Sys., Inc.*, 282 F. Supp. 3d 916, 934 (E.D. Va. 2017) (finding that Plaintiff's "request to amend the complaint is superfluous and, accordingly, denied").  Further, an amendment vaguely alleging defects and repair attempts "in addition to what is alleged" in the rest of the amended complaint is "clearly insufficient . . . on its face" and is therefore futile. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986).

Defendant asks the court to strike the amended complaint and order Plaintiffs to file an identical copy to Dkt. 28-1 within 7 days.  (Dkt. 44 at 12.)  Instead of directing Plaintiff to

file another amended complaint, the court will leave Dkt. 42 as the operative amended complaint but strike Paragraph 17.

### III.    Conclusion and Order

For the above stated reasons, Defendant's motion to dismiss is **DENIED** and its motion to strike is **GRANTED in part.**  (Dkt. 43.)  The court **STRIKES** Paragraph 17 from the operative amended complaint, (Dkt. 42).  The court will set new deadlines for discovery and dispositive motions.

The Clerk is directed to send a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

**ENTERED** this _27th_ day of July, 2026.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE

- 5 -